[639 NYS2d 371]

In the Matter of LORRAINE BACKAL (Admitted as LORRAINE BACKAL ISRAEL), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 21, 1996

APPEARANCES OF COUNSEL

*Barbara S. Gillers* of counsel (*Hal R. Lieberman*, attorney), for petitioner.

*David Weicholz* of counsel (*Weicholz, Monteleone, Peters & Studley*, attorneys), for respondent.

OPINION OF THE COURT

Per Curiam.

Admitted to practice at the Second Department in 1953, respondent was suspended by this Court in February 1995 (208 AD2d 176, *lv denied* 85 NY2d 804), pending further disciplinary proceedings. She had earlier resigned from the Civil Court Bench and from her position as an Acting Supreme Court Justice in Bronx County. A Hearing Panel has now unanimously recommended respondent's disbarment. Petitioner moves to confirm that recommendation, and respondent cross-moves to disaffirm.

In our interim suspension order last year, we ruled that respondent's behavior, "otherwise unexplained, constitute [d] professional misconduct warranting disqualification" (208 AD2d, *supra*, at 179-180). The Hearing Panel, which conducted its proceeding from March through July 1995, independently came to the same conclusion on the basis of the evidence, calling respondent's behavior "utterly reprehensible" and "a disgrace to the Bar."

Respondent refused to testify at the hearing, citing her Fifth Amendment privilege against self-incrimination. She now argues that the Hearing Panel's reuse of our phrase, "otherwise unexplained," meant that the Panel drew an adverse inference from her invoking of the constitutional privilege. But the Panel took pains to indicate that it reached its independent conclusions "without having to draw such an adverse inference." There was no violation of due process here. Respondent's own testimony was not the only means by which her actions might have been explained.

The recorded conversations—specifically, that respondent had destroyed records and counseled Selwyn Wilson to hide ev-

idence and give untruthful answers to the FBI—were overwhelming on the charges of dishonesty (in violation of Code of Professional Responsibility DR 1-102 [A] [4]; 22 NYCRR 1200.3) and obstruction of justice (illegal conduct involving moral turpitude, in violation of DR 1-102 [A] [3]). These actions amounted to conduct prejudicial to the administration of justice (DR 1-102 [A] [5]), and reflected adversely on respondent's fitness to practice law (DR 1-102 [A] [8]).

The fact that Wilson, at that time cooperating with the FBI, was merely simulating his role in a conspiracy, is no defense (*People v Schwimmer*, 47 NY2d 1004, *affd* 66 AD2d 91). Nor was it necessary for Wilson to be produced for examination on the question of his consent to the secret tape-recording Documentary evidence was introduced, authenticating Wilson's consent to the recording and FBI monitoring of his conversations with respondent by means of a telephone device and a concealed body recorder. (*United States v Davis*, 799 F2d 1490 [11th Cir]), in light of the FBI agents' testimony as to Wilson's cooperation in their investigation (*United States v Bonanno*, 487 F2d 654 [2d Cir]; *United States v Bradford*, 496 F Supp 366, 367-368 [D Conn]), and that he was, at the time of the hearing, a fugitive from justice for several years already (*see, United States v Fuentes*, 563 F2d 527, 533 [2d Cir], *cert denied sub nom. Sansone v United States*, 434 US 959).

Finally, it should go without saying that the disciplinary treatment of another member of the judiciary 10 years ago, in an unrelated case on a completely disparate set of facts, does not render the recommended sanction in this case a denial of equal protection to respondent. The motion to confirm the report and recommendation of the Hearing Panel is granted, and respondent's cross motion to disaffirm is denied. Respondent is disbarred, and her name shall be stricken from the roll of attorneys authorized to practice law in this State.

WALLACH, J. P., KUPFERMAN, ROSS, NARDELLI and TOM, JJ., concur.

Petitioner's motion to confirm the report and recommendation is granted, the report and recommendation are confirmed, the cross motion to disaffirm is denied, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately.